### In re Darius J. MARTIN, Debtor(s).

### No. 09–10682.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 28, 2009.

David J. Hoff, David A. Kruer, Dearfield, Kruer & Company, LLC, Covington, KY, for Debtor.

## ORDER DENYING MOTION TO REDEEM

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the Debtor's motion to redeem under 11 U.S.C. § 722 (Doc. 13), Cash America Pawn, Inc. Of Ohio # 1 and # 2's (hereinafter "Cash America") response (Doc. 14) and the parties' subsequent filings (Docs. 26, 27, 28, 29, and 31). A preliminary hearing was held on July 28, 2009 and an evidentiary hearing was held on September 17, 2009.

The issue before the Court is whether certain items pawned by the Debtor may be redeemed by the Debtor pursuant to 11 U.S.C. § 722 or whether such items are no longer items of the estate pursuant to 11 U.S.C. § 541(b)(8).

As explained at the hearing, a pawn transaction with Cash America generally works as follows. A customer will pawn an item in order to obtain a short term loan. A customer may obtain an extension of the repayment period by paying an additional fee. If the customer has not repaid the loan at the end of a 60 day repayment period or an extended repayment period as the case may be, Cash America sends a "PFI Mailer" to the customer notifying the customer that he has an additional 30 days to repay the loan (hereinafter "PFI Mailer/30 day Notice").

If the loan is not repaid at the end of the 30 day period, the item is then forfeited to Cash America.

From August 7, 2007 to February 10, 2009, the Debtor pawned numerous pieces of jewelry and electronics with Cash America. The loans for the pawned items became due at various times and the Debtor obtained extensions on many of the loans. Cash America mailed PFI Mailer/30 Day Notices to the Debtor on September 2, 2008, September 25, 2008, October 21, 2008, November 10, 2008, January 29, 2009, February 17, 2009, February 28, 2009, April 6, 2009 and April 13, 2009. The Debtor did not repay the loans. The Debtor owes Cash America $3,707.05 for the loans.

On February 13, 2009, the Debtor filed his Chapter 7 petition.

On May 7, 2009, the Debtor filed the instant motion to redeem the pawned items pursuant to 11 U.S.C. § 727 for the amount of $650. Cash America contends that the items are not eligible to be redeemed under 11 U.S.C. § 727 because the items are not property of the estate because the items were not redeemed under Ohio Revised Code § 4727.11, as applicable under 11 U.S.C. § 541(b)(8). As explained below, we agree with Cash America.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added § 541(b)(8) to the Bankruptcy Code. It states as follows:

> (b) Property of the estate does not include—... (8) ... any interest of the debtor in property where the debtor pledged or sold tangible personal property ... as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where—(A) the tangible personal property is in the possession of the pledgee or transferee; (B) the debtor

has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and (C) neither the debtor nor the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108(b).

The applicable "State law" is Ohio Revised Code § 4727.11(A) which states as follows:

> If a pledgor fails to pay interest to a person licensed as a pawnbroker on a pawn loan for two months from the date of the loan or the date on which the last interest payment is due, the licensee shall notify the pledgor by mail, with proof of mailing, to the last place of address given by the pledgor, that unless the pledgor redeems the pledged property or pays all interest due and storage charges within thirty days from the date the notice is mailed, the pledged property shall be forfeited to the licensee. If the pledgor fails to redeem or pay all interest due and storage charges within the period specified in the notice, the licensee becomes the owner of the pledged property.

Section 108(b) of the Bankruptcy Code, titled Extension of Time, states as follows:

> ... if applicable nonbankruptcy law ... or an agreement fixes a period within which the debtor ... may ... cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only ... cure, or perform, as the case may be, before the later of-(1) the end of such period ...; or (2) 60 days after the order for relief.

The three statutes fit together as follows. A debtor has until the later of 60 days from the petition filing date or the end of the period under the contract or

state law to redeem the pawned property *under state law,* or the property is not property of the estate.

■ The pawned property covered by the PFI Mailer/30 Day Notices mailed on September 2, September 25, October 21, and November 10, 2008 are not property of the estate because the time to redeem these items under state law expired before the petition filing date of February 13, 2009. The pawned property covered by the PFI Mailer/30 Day Notices mailed on January 29, February 17 and February 28, 2009, are not property of the estate because the time to redeem these items under state law expired 60 days after the February 13, 2009 petition filing date or on April 14, 2009. The pawned property covered by the PFI Mailer/30 Day Notices mailed on April 6 and April 13, 2009 are not property of the estate because the time to redeem these items under state law expired on May 6 and May 13, 2009 respectively.

In sum, none of the pawned property is property of the estate. Further, by operation of Ohio revised Code § 4727.11(A), all the pawned property has been forfeited to Cash America.

■ This conclusion is consistent with the apparent intent of § 541(b)(8), which it to protect the pawnbroker by allowing the pawnbroker to retain its possessory security interest and, ultimately, the benefit of its bargain-forfeiture of the collateral to it-if the Debtor fails to timely redeem the property under state law, despite the Debtor's filing of a bankruptcy petition. *See also In re Mosher,* 2007 WL 1487399 (Bankr.D.Mont.2007)(citing Collier on Bankruptcy ¶ 541.22D (15th ed.2005)).

■ The Debtor did file a motion to redeem on May 7, 2009, six days before May 13, 2009. However, that motion contemplated redemption under § 722 of the Bankruptcy Code, which permits redemption upon payment of the liquidation value of the collateral. *See In re Weathington,* 254 B.R. 895 (6th Cir. BAP 2000). Section 541(b)(8) required the Debtor to redeem the items under state law, which, in turn, required the Debtor to pay "all interest due and storage charges." O.R.C. § 4727.11(A). In effect, the Debtor's motion to redeem under § 722 was a nullity.

Based on a March 4, 2009 letter to the Debtor from Cash America, *see* Doc. 29, Ex. 2, the Debtor contends that Cash America is estopped from denying that the Debtor has until May 7, 2009 to redeem the property. We disagree. The March 4, 2009 letter concerned reaffirmation not redemption. In any event, the Debtor failed to redeem the property under state law by May 7, 2009.

In view of the above holding that none of the pawned items are property of the estate, it is not necessary to address the issue of whether or not some of the items pawned by the Debtor were not his property but property of his mother, Ella Darius.[1]

Accordingly, the motion to redeem is hereby DENIED.

IT IS SO ORDERED.

_____

1. Ella Darius has a pending Chapter 13 case     before this Court, being Case No. 09–11676.